FILED
SUPERIOR COURT
OF GUAM

2019 DEC 31 AM 8: 43

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0415-19 |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | DECISION & ORDER RE: MOTION TO |
| | ) | SUPPRESS IDENTIFICATION AND LIMIT |
| JONATHAN TORRES TEDTAOTAO, | ) | PROPOSED TESTIMONY |
| aka JOHN PAUL ARRIOLA, | ) | |
| aka JOHN CRUZ, | ) | |
| DOB: 04/25/1971 | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on the filing of a Motion to Suppress Identification and Limit Proposed Testimony by Defendant Jonathan Torres Tedtaotao ("Defendant") on September 9, 2019. Defendant is represented by John P. Morrison, of the Alternate Public Defender Office. The People of Guam ("People") are represented by Chief Prosecutor J. Basil O'Mallan, III. The People filed an Opposition to the Motion on September 27, 2019. The Court held a hearing on the Motion on October 2, 2019, after which the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the Local Rules of the Superior Court of Guam. After reviewing all relevant filings and having heard oral argument by both parties, the Court issues this DECISION and ORDER **GRANTING** Defendant's Motion in part, and **DENYING** Defendant's Motion in part.

\\

\\

## Background

Defendant is charged with Burglary (As a 2nd Degree Felony), Theft (As a 2nd Degree Felony), Criminal Trespass (As a Misdemeanor), and Criminal Mischief (As a Misdemeanor). Indictment (July 29, 2019). The People allege that on or about May 20, 2019, police reported to a residence in Tamuning. Magistrate Complaint, at 5 (July 19, 2019). Young Pak ("Pak"), the alleged victim, told police that someone had broken into his residence and stolen property valued at over Twenty-Thousand Dollars ($20,000). *Id.* Pak informed police that a neighbor had video footage of a suspicious person outside of the residence. *Id.* Pak was informed through a Facebook post that a commenter believed the person in the footage was Defendant. *Id.* Pak also told the police that a different video he observed purportedly showed Defendant carrying the Pak's backpack while walking within the residence complex. *Id.*

At trial, the People intend to present testimony from Officer Anthony Morcilla, a Probation Officer with the Superior Court of Guam, and Officer Ronald Santos, a Parole Officer at the Department of Corrections ("DOC"). People's Witness List, at 2 (Oct. 4, 2019). Both men claim that they were shown a photo extracted from the aforementioned video footage, and identified the person in the video as Defendant. Minute Entry (Oct. 2, 2019).

Defendant claims in the above Motion that the proposed testimony from Morcilla and Santos identifying Defendant from the video are inadmissible under Guam Rules of Evidence 701. Mot. to Suppress Identification and Limit Proposed Testimony, at 4-6 (Sep. 9, 2019). Defendant asserts that their testimony would not be helpful to the jury in identifying Defendant, due to their limited contacts with Defendant. *Id.*

Defendant further claims that if their testimony is admissible under 701, it must be limited by the standards set by the Guam Supreme Court in *People v. Tedtaotao. Id.* at 6-8. Defendant argues that reference by the Officers to their profession, as well as reference to Defendant's history of incarceration and probation, would qualify as prejudicial and inadmissible evidence under GRE 404(b) and 403. *Id.*

The Court held a Motion hearing on October 2, 2019, at which both Officers testified as to their contacts with Defendant. Minute Entry (Oct. 2, 2019). Officer Morcilla testified that he had actual, physical contact and communication with Defendant about four to five times. Motion Hearing at 10:06:10 (Oct. 2, 2019). He also testified that he was about sixty percent (60%) sure that the person in the photo he was shown was Defendant. *Id.* at 10:11:10. He testified that he had glanced at the photo for about five to ten seconds in passing. *Id.* at 10:10:40.

Officer Santos testified that he had interacted with Defendant multiple times over the past fifteen (15) years, both in his capacity as a DOC Officer and his current capacity as a Parole Officer. *Id.* at 10:29:20. He testified that he would see Defendant often, sometimes four to five times a week, at DOC, and would joke around and talk with him during their small interactions. *Id.* at 10:36:50.

After all evidence was presented at the Motion Hearing, the Court took the issue under advisement.

<u>Discussion</u>

This Court must address two issues in responding to this Motion. First, as to each individual officer, whether lay witness identification testimony would be admissible under Guam Rules of Evidence 701. Second, if either officer's testimony is relevant under GRE 701, whether such testimony is substantially prejudicial to Defendant such that a GRE 404(b) or 403 issue is triggered. The Court will address each question below.

*A. Relevant testimony under GRE 701*

GRE 701 states that a lay witness may give opinion testimony if the testimony is "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." GRE 701. In *US v. LaPierre*, the Ninth Circuit Court of Appeals held that a police officer's testimony identifying the Defendant from surveillance footage was "of dubious value." *US v. LaPierre*, 998 F.2d 1460, 1465 (9th Cir. 1993). The Court therein averred that "the use of lay opinion identification by

policeman or parole officers is not to be encouraged, and should be used only if no other adequate identification testimony is available to the prosecution." *Id.*, quoting *United States v. Butcher*, 557 F.2d 666, 670 (9th Cir.1977).

*LaPierre* lists two instances where this type of lay opinion identification may be admissible: 1) where the lay witness has had substantial and sustained contact with the person in the photograph, and 2) where the identification is being used to point out drastic differences between the Defendant's appearance in Court and the appearance in the photograph. *Id. LaPierre* noted that the officer testifying did not fall into the first exception, as he had never seen the Defendant in person before his in-court identification. *Id.* He had only observed the Defendant through photographs during his investigation. *Id.* Thus, his familiarity with Defendant's appearance fell "far short of that required by [the Court's] cases and by Rule 701's requirement of helpfulness." *Id.* The officer's testimony would have been just as effective as the jury identifying the Defendant through comparison of photographs and the Defendant's in-court appearance. *Id.* Thus, the officer's testimony was inadmissible. *Id.*

Guam has addressed this issue in *People v. Tedtaotao*, 2016 Guam 9. In that case, there were a variety of evidentiary questions, including whether two parole officers could testify directly that the man in the video footage of the incident was in fact the Defendant. *Id.* ¶¶ 32-35. The Supreme Court held that the lay testimony from these two officers was admissible based on their "specialized familiarity" with Defendant due to extensive past interactions. *Id.* ¶ 35. The People laid the foundation that both officers had met with Defendant in person several times, in their capacities as parole officers. *Id.*

In *US v. Contreras*, the Court of Appeals for the Tenth Circuit upheld the trial court determination admitting a probation officer's testimony identifying defendant as the robber after viewing surveillance video. 536 F.3d 1167 (10th Cir. 2008). The Court in *Contreras* held, "[The officer's] familiarity with Contreras offered the jury a more sophisticated identification than they could make on their own." *Id.* at 1170. Thus, the officer's testimony fell within the lay testimony bounds of FRE 701. Id. *See also United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005)

(finding a probation officer's testimony identifying defendant as the robber depicted in bank surveillance photo was rationally based and sufficiently helpful to be admissible as lay opinion testimony, where officer had met with defendant on four occasions over a two-month period); *United States v. Farnsworth*, 729 F.2d 1158, 1160–61 (8th Cir. 1984) (finding parole officers' opinions concerning identity of a person depicted in a surveillance photograph admissible under FRE 701, since there is some basis for concluding that the witness was more likely to correctly identify the defendant from the photograph than was the jury).

### 1. Morcilla's Testimony

Based on testimony given by Officer Anthony Morcilla at the October 2, 2019, his proposed identification testimony is not so specialized that it would meet the relevancy threshold under GRE 701 set by *Tedtaotao* and *LaPierre*. Officer Morcilla indicated that he had seen Defendant in person about four to five times. He further indicated that he had looked at the photo, which allegedly depicted Defendant, only in passing for about five to ten seconds during a brief interaction. He noted on the stand that he was about sixty percent (60%) sure that the man in the photo was Defendant. Officer Morcilla's knowledge of Defendant's appearance and brief interaction with the alleged photo of Defendant would not constitute "substantial contact" with Defendant such that his identification would be helpful to a jury. Officer Morcilla's interaction with Defendant is different than the Officers' interactions in *Tedtaotao*. There, all testifying officers had "specialized familiarity" with the Defendant based on their contacts. Based on the evidence presented to this Court, Officer Morcilla does not have such "specialized familiarity" when it comes to Defendant. Thus, his lay opinion testimony is not admissible under 701, pursuant to the holding in *Tedtaotao*. Subsequently, this Court **GRANTS** Defendant's Motion to Suppress Identification testimony given by Officer Morcilla.

### 2. Santos's Testimony

Officer Ronald Santos testified on October 2, 2019, that he has interacted with Defendant multiple times. First, during Officer Santos's time as an Officer at the DOC, he interacted with Defendant, who was residing there, at a rate of four to five times per week. Officer Santos

testified that when he would report to DOC, he would see Defendant often, either walking to get food, pick up medicine, or just in passing. Officer Santos testified that he and Defendant would sometimes talk and joke around in these interactions. He also testified that he was ninety-nine percent (99%) certain that the person in the photograph he was asked to identify was Defendant. This Court finds that the People have satisfied the burden of proof under GRE 701 regarding Officer Santos's identification of the Defendant. Therefore, Defendant's Motion to Suppress Identification Testimony regarding Officer Santos is **DENIED**.

### B. Prejudicial Nature of the Proposed Testimony

This Court must now address the prejudicial nature of the proposed testimony if elicited through Officer Santos.

GRE 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." GRE 404(b). Additionally, relevant evidence may still be inadmissible under GRE 403 if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. GRE 403.

In *People v. Tedtaotao*, the Court pondered whether the lay identification by the parole officers discussed above was admissible under 404(b). 2016 Guam 9 ¶¶ 39-42. The Court considered two factors: 1) whether the witness's mere status as parole officers made their identification inadmissible under 404(b), and 2) whether the witness's identifying themselves as parole officers in order to establish their familiarity with Defendant was inadmissible under 404(b). *Id.* ¶ 39.

In sum, the Court held that the testimony of the officers identifying Defendant, as well as their statements regarding their frequency of contact with him and degree of certainty in their recognition of him, were relevant to establish their contacts with Defendant and familiarity with his appearance. *Id.* ¶ 42. However, the Court held that there was no additional value gained by the officers's identification of their profession and revelation that Defendant was previously on parole and incarcerated. *Id.* This served only the impermissible purpose of highlighting the Defendant's propensity for criminality, and was not probative to its purpose as testimony: to

establish the witness' ability to identify Defendant in Court. *Id.* Thus, while the officers could testify that they were familiar with Defendant, evidence revealing Defendant's history with incarceration and parole was inadmissible under 404(b). *Id.*

The Court in *Tedtaotao* applied a similar analysis under 403 of the lay testimony compared to their 404(b) analysis. *Id.* ¶¶ 43-48. The Court cited *US v. Pace*, where the Fifth Circuit Court of Appeals concluded that while officer testimony of identification is not inherently prejudicial, admission of the officer's profession in Court was unduly prejudicial in the context of the purpose of the testimony. 10 F.3d 1106, 1115 (5th Cir. 1993). *Pace* held that allowing this evidence could lead the jury to infer that the Defendant was on probation or had past involvement in criminal conduct, making it inadmissible under 403. *Id. See also United States v. Fortenberry*, 860 F.2d 628, 632 (5th Cir. 1988); *United States v. Poston*, 430 F.2d 706, 709 (6th Cir. 1970).

Following the logic in *Pace*, the Court in *Tedtaotao* held that while the officers could testify to the identity of Defendant in video footage, the People could not introduce evidence of their profession and the details of their relationship with Defendant. 2016 Guam 9 ¶ 48. Those facts are not necessary and are unduly prejudicial. *Id.*

The Court is bound by the precedent in *Tedtaotao*. Thus, any proposed testimony from Officer Santos revealing Defendant's history of incarceration and parole is inadmissible under GRE 404(b). Further, this type of testimony has a high risk of prejudicing the jury. The People must follow the guidelines set for this type of testimony in *Tedtaotao*.[1]

This Court will not make a ruling on whether all of Officer Santos's proposed testimony is inadmissible under 404(b) or 403. While Officer Santos's contacts with the Defendant rise from his work as a Corrections Officer and now Parole Officer, his interactions with Defendant themselves do not inherently implicate Defendant's history of incarceration. Officer Santos testified that the two men would joke around, say hello to each other, and see each other in

---

[1] The Court finds that *Tedtaotao* would prohibit, for example, questions regarding Officer Santos's employment at the Department of Corrections and may limit his testimony with respect to the nature of the WhatsApp chat as a law enforcement chat. This information, if presented to the jury, could run afoul of *Tedtaotao*.

passing. The Court in *Tedtaotao* held that the fact that the witnesses were parole officers did not automatically exclude their testimony as prejudicial. Thus, this Court will not do so either, and will allow Officer Santos to testify as a lay witness identifying Defendant. However, if the testimony presented at trial triggers a 404(b) or 403 issue, this Court will rule on the evidence, and exclude such testimony. If the People wish to enter evidence that is likely to trigger a 404(b) issue, they can file a notice of 404(b) evidence with this Court before trial. Nothing in this decision inhibits the People's ability to file such a notice of 404(b) evidence.

### Conclusion

For the foregoing reasons, the Defendant's Motion to Suppress is **GRANTED** with regards to Officer Morcilla, but **DENIED** with regards to Officer Santos.

SO ORDERED this _____ **DEC 3 1 2019** _____.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_____ AG, APD _____

Date: 12/31/19 Time: 8:45

@

Deputy Clerk, Superior Court of Guam